UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| LOUIS R. MATTHEWS, | ) | |
| Plaintiff, | ) ) ) | No. 6:24-CV-62-REW |
| V. | ) ) | |
| JOHN GILLEY, *et al.*, | ) ) | MEMORANDUM OPINION AND ORDER |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Louis R. Matthews moves for leave to amend his complaint to add a claim against the United States under the Federal Tort Claims Act ("FTCA").[1] *See* DE 25 (Motion). The defendants oppose Matthews's motion, contending that Court should deny the amendment as futile because the applicable statute of limitations bars the proposed FTCA claim. *See* DE 29 (Response). In reply, Matthews argues, for the first time, that he is entitled to equitable tolling. *See* DE 31 (Reply). The defendants filed a sur-reply to address this argument. *See* DE 33 (Sur-Reply). The matter is ripe for review. Having considered the record and the parties' positions, the Court grants Matthews's motion for leave to amend.

Matthews, who is a federal inmate, filed a *pro se* civil rights complaint on May 7, 2024, alleging various constitutional claims against prison officials pursuant to *Bivens v. Six Unknown Federal Narcotics Agents,* 91 S. Ct. 1999 (1971). *See* DE 1 (Complaint). The Court subsequently screened his complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A and permitted some of his *Bivens* claims to go forward. *See* DE 10 (Memorandum Opinion and Order). On May 16, 2025, Matthews

---

[1] The Court previously denied Matthews's motion to amend, in part, to the extent he sought to proceed with claims that the Court had previously dismissed in its January 28, 2025 Screening Order. *See* DE 26 (Order Denying in Part).

filed a motion to amend his complaint, seeking to add an FTCA claim concerning events that occurred on March 14–16, 2023. *See* DE 25 (Motion) at 5. Specifically, Matthews alleges that he was placed in USP McCreary's special housing unit, pepper sprayed, and tortured, and an officer disposed of his property. *See id.*

The FTCA is the exclusive remedy for tort actions against the federal government, its agencies, and its employees. *See* 28 U.S.C. § 2679. The FTCA contains its own statute of limitations, requiring plaintiffs to "file administrative claims with the government 'within two years' after the claims accrued and to commence any legal action 'within six months' after the government denies these administrative claims." *Wersche v. City of Detroit*, 112 F.4th 357, 365 (6th Cir. 2024) (quoting 28 U.S.C. § 2401(b)). A plaintiff must exhaust his administrative remedies before filing an FTCA claim in federal court. *See Kellom v. Quinn*, 86 F.4th 288, 292–93 (6th Cir. 2023).

Matthews undisputedly exhausted his FTCA claim here by filing a timely tort claim (also known as an SF-95) with the BOP's Mid-Atlantic Regional Office on June 16, 2023. *See* DE 29-2 (SF-95); DE 31 at 2; DE 33 at 3. BOP Regional Counsel mailed a letter to Matthews via certified mail on December 18, 2023, stating that the claim had been denied. *See* DE 29-3 (Certified Denial Letter and Receipt). Thus, the defendants argue that Matthews's proposed FTCA claim is time-barred because he did not file it in federal court until nearly a year and a half later, on May 16, 2025, well after the six-month deadline. *See* DE 33 at 1–2.

Matthews implicitly acknowledges that his FTCA claim is untimely. *See* DE 31 at 1–2. However, he claims that he is entitled to equitable tolling of the limitations period for two reasons: 1) he is "not familiar with civil law or the [FTCA];" and 2) BOP Regional Counsel mailed the denial letter to USP McCreary rather than the Nevada Southern Detention Center ("NSDC"),

2

where Matthews was (and continues to be) temporarily housed. *Id.* USP McCreary is the address Matthews listed on his SF-95. *See* DE 29-2. Matthews reports that he was transferred to NSDC on November 13, 2023, in connection with a habeas corpus petition he is litigating there. *See* DE 31 at 2. However, Matthews states that he informed Regional Counsel of his address change "upon [his] arrival at NSCD" and requested that his mail be forwarded to that address. *See id.*; DE 31-1 (Matthews Letter) at 1. Thereafter, the denial letter (dated December 13, 2023) was delivered by certified mail to USP McCreary on December 18, 2023. *See* DE 29-3. Matthews received a response from Regional Counsel in March 2024, acknowledging the address change but stating that the Regional Office was unable to accommodate his request and would continue to send his mail to USP McCreary. *See* DE 31-1 (Frazier Letter) at 2.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, a court "need not grant a motion to amend when the reason for amendment is improper, such as . . . futility of amendment." *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 617 (6th Cir. 2024) (citation and quotation marks omitted). Amendment is futile when the proposed amendment would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). But the bar for futility is "high"—"if the proposed amendment is not clearly futile, then denial of leave to amend is improper." *Sazerac Brands, LLC v. Peristyle, LLC*, CIVIL ACTION NO. 3:15-CV-76-GFVT, 2016 WL 10957239, at *1 (E.D. Ky. July 27, 2016) (citation and quotation marks omitted).

To the extent that Matthews seeks to add an FTCA claim against the United States, the Court grants leave to amend because the amendment is not clearly futile. Equitable tolling applies in FTCA cases. *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015). In deciding whether to apply equitable tolling, courts should consider the following factors:

> (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing [his] rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement.

*Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017) (quotation marks and citations omitted). At this point, and on this undeveloped record, the Court cannot find that equitable tolling does not apply here to spare the amendment. Due to Matthews's status as a *pro se* incarcerated plaintiff, some of the pertinent factors may weigh in favor of equitable tolling (i.e., his lack of notice or constructive knowledge of the filing deadline and the reasonableness of his ignorance of that deadline). Other factors, such as Matthews's diligence in pursuing his FTCA claim and the potential prejudice to the United States will require further discovery to gauge their impact on the equitable tolling assessment. For example, the record currently includes no detail to illuminate why the Regional Office declined Matthews's request to forward his mail to NSDC or evidence to confirm if the Regional Office knowingly sent the denial letter to the wrong address. It is also unclear when Matthews first received actual notice that his FTCA claim was denied or if he made other attempts to inquire about the status of that claim after December 2023. The FTCA claim may very well be time-barred, or equitable tolling may very well apply. But prior to discovery, such a determination is premature. Therefore, the amendment is not clearly futile, and on this basis, the Court grants leave to amend. To the extent respondents may suggest that a claimant's right to deem an FTCA claim exhausted at the 6-month mark somehow starts the limitations period, the Court rejects that premise.

Based on the foregoing, the Court **ORDERS** as follows:

1. The Court **GRANTS** DE 25 to the extent that Matthews seeks leave to add an FTCA claim against the United States. DE 26 otherwise remains in force;

2. The Court deems the operative complaint in this case to include Matthews's

original complaint, to the extent it survived screening, and Matthews's SF-95 (DE 29-2), which contains a statement of the claim he asserts and identifies witnesses. The Court is construing that filing broadly and in an effort to avoid further delay in moving the case forward. The papers, together, shall constitute the Amended Complaint, now operative;

3. The Clerk **SHALL** send Matthews a copy of this Order, of DE 29-2, and of the prior screening order, DE 10; and

4. Defendants **SHALL** answer or otherwise respond to Matthews's Amended Complaint in accordance with the civil rules.

This 13th day of August, 2025.

Signed By:
*Robert E. Wier*
United States District Judge

5